## MORRIS v. LANDAUR & Co.

1. **Trust:** ESTABLISHMENT OF.  An envelope was indorsed as containing a "deed-from Thomas Morris which is only in trust, and I am to deed back to him any time he desires."   A deed between the same parties was introduced in evidence; the fact of a trust having been established, *held,* that in the absence of evidence to the contrary, the deed would be presumed to be the same as that intended by the indorsement.

*Appeal from Cerro Gordo Circuit Court.*

THURSDAY, APRIL 18.

ACTION in equity to set aside a sheriff's sale of land.   The land was sold as the property of one Hicks, execution defendant.   Landaur & Co., defendants in this action, were the execution creditors, and purchasers at the sale.   They purchased with notice from Hicks that Morris owned the land, and that Hicks never had any interest in it.   No deed has yet been executed.   The plaintiff avers that he is the owner of the land, and has been from a time prior to the rendition of the judgment.   The legal title is in the plaintiff, but he derived it from Hicks, who conveyed to him about the time the judgment was rendered.   The judgment, it appears, was rendered upon confession.   The conveyance from Hicks to plaintiff was made between the time the judgment was confessed and the time it was confirmed.   The plaintiff, however, avers that he was the equitable owner of the land, even while it stood in Hicks' name.   Hicks derived title from the plaintiff.

Whether he took the title in trust for the plaintiff is the question in the case.    Other facts are stated in the opinion.    Decree for plaintiff.    Defendants appeal.

*B. F. Hartshorn*, for appellant.

*F. J. Bush*, for appellee.

ADAMS, J.—The plaintiff introduced in evidence a deed of the land in question, executed by him to Hicks, and also an envelope upon which a writing was indorsed, in these words: "Deed from Thomas Morris, which is only in trust, and I am to deed back to him any time he desires."  (Signed.)  "F. Z. Hicks."   Considerable parol evidence was also introduced, against the defendant's objection, tending to show that the plaintiff conveyed the land to Hicks to protect himself against certain claims that were being prosecuted against him, but which claims, he insisted at the time, were groundless, and which were, in fact, groundless, as was afterward determined by adjudication thereon; that Hicks paid nothing for the land, and never took possession; that the plaintiff, at the time the deed was executed to Hicks, was occupying the land as a farm, and continued to occupy it.    It is insisted by the defendants that the trust cannot be established by parol, and that the writing indorsed upon the envelope is insufficient.

1. TRUST: establishment of.

Whether, as the trust has been executed by reconveyance, parol evidence is not admissible as against the defendants, who were not parties to the agreement by which the trust was created, we need not determine.    The writing upon the envelope was evidently made as a declaration of trust, to be used as evidence, if necessary.    It showed that some deed had been executed to Hicks by the plaintiff, in trust.    A deed executed to Hicks by the plaintiff is introduced in evidence.    We think the fair inference is that the deed is the same referred to in the writing, in the absence of all evidence indicating other-

wise. The fact of a trust is established beyond controversy. The only question of doubt is in regard to the identity of the property. The deed introduced corresponded with the writing. We cannot hold, then, that there was no evidence of identification, and it follows that a *prima facie* case was made for the plaintiff. But it is insisted by the defendants that the conveyance, if made in trust, was made to defraud creditors, and that the relief sought should be denied him upon that ground, if upon no other. We think that this position, also, is not well taken. It does not appear that the plaintiff was indebted or subject to any contingent liability. If there were no creditors, we cannot say that the conveyance was made to defraud creditors. We think, therefore, that the judgment of the circuit court must be

Affirmed.